IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.  Case No.: 3:18-cr-00070-07

**COREY BEACH**

## ORDER DENYING MOTION FOR BOND REDUCTION

Pending is Defendant's Motion for Bond Reduction, (ECF No. 285), which the undersigned construes as a Motion to Reopen Detention Hearing pursuant to 18 U.S.C. § 3142(f)(2)(B). In order to reopen a detention hearing, the judicial officer must find "that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B). Defendant argues in support of his motion that he was denied bond, in part, due to an allegation that he resisted arrest; however, his mother has now provided Defendant's counsel with screen shots of a text conversation she had with a U. S. Marshal suggesting that Defendant did not resist arrest. Furthermore, Defendant states that he has submitted an application to Recovery Point and is awaiting entry into its drug rehabilitation program.

According to the Clerk's Minutes from Defendant's detention hearing, held before the Honorable Patricia Barksdale, United States Magistrate Judge, Middle District of Florida, Defendant was ordered detained on April 23, 2018. (ECF No. 111 at 15). Judge

Barksdale based her Order of Detention Pending Trial on the following findings:

    1. Defendant did not successfully rebut the presumption of detention associated with the offense charged against him;

    2. By clear and convincing evidence, there were no conditions of release that would reasonably assure the safety of any other person or the community;

    3. The weight of the evidence against the defendant was strong, including video and audio recordings of a controlled purchase;

    4. The defendant faced a lengthy sentence of up to twenty years in prison, if convicted. His alleged offense involved the distribution of serious drugs, including heroin and fentanyl;

    5. The defendant had a prior criminal history, with many arrests for crimes related to drugs and alcohol;

    6. The defendant suffered from a heroin addiction. He had overdosed three times in less than two years; lost custody of his children; was unemployable; had received inpatient detoxification in the past; was positive for amphetamines at the time of arrest; and could not be trusted by his in-laws to use cash for groceries and fuel costs. In addition to his drug addiction, the defendant suffered from anxiety and depression; and

    7. Long-term inpatient treatment was considered as a possible alternative to detention, but was not available. The defendant had no other feasible living arrangements.

(*Id.* at 17-19).

Contrary to Defendant's motion, Magistrate Judge Barksdale did not include "resisting arrest" as a reason for Defendant's detention; thus, Defendant's alleged resistance apparently did not have a material bearing on Judge Barksdale's decision. Even

if Defendant's behavior at the time of arrest had been a factor in the determination, it would not provide a basis to reopen the detention hearing, as Defendant's behavior was information known to him when he appeared at the detention hearing. Indeed, Defendant is and was one of the best sources of information on that topic. Consequently, he should have provided relevant information at the time of the detention hearing. In contrast, neither of the individuals participating in the text conversation attached to Defendant's motion were present at the time of Defendant's arrest. As such, the text conversation is wholly insufficient to merit a reopening of the hearing.

With respect to the second reason offered by Defendant, while he has submitted an application to Recovery Point, he has not been accepted into the program. Therefore, there has not been a significant change of circumstance that would merit reopening the hearing. Moreover, Judge Barksdale suggested a long-term inpatient substance abuse program as a *possible* alternative to detention. The Recovery Point program does not meet those stringent requirements.

For the reasons set forth herein, the undersigned does not find sufficient justification to reopen the detention hearing. Therefore, Defendant's motion is **DENIED**.

The Clerk is directed to provide a copy of this Order to the defendant and counsel of record.

**ENTERED**: July 24, 2018

Cheryl A. Eifert
United States Magistrate Judge